THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN MARTINEZ, Appellant.

Fourth Department, May 14, 1970.

*Robert F. Wood* and *Nicholas P. Varlan* for appellant.

*Jack B. Lazarus, District Attorney* (*Edward J. Spires* of counsel), for respondent.

*Per Curiam.* Defendant was charged in a two-count Indictment, No. 512, of the crime of criminally selling a dangerous drug, in the second degree, to wit, heroin, on October 9, 1968, in violation of section 220.35 of the Penal Law, and in the second count defendant was accused of selling a dangerous drug, in the third degree, to wit, aphetamine, in violation of section 220.30. A second Indictment, No. 593, was filed charging defendant with the sale of heroin on October 17, 1968, a violation of section 220.35, in the second degree. Upon arraignment on November 25, 1968 defendant appeared by retained, experienced and competent counsel and pleaded not guilty. The case was set down for trial on December 30, 1968 and the attorneys for both parties were admonished by the trial court to complete all pretrial matters prior to the appointed trial date. Adjournments were had, although the record does not indicate by which of the parties, and the parties appeared for trial on February 17, 1969. The District Attorney informed the court that defendant and his attorney desired to change the not guilty plea and to plead guilty to one count in satisfaction of all the counts of both indictments. The court insisted that defendant must plead guilty to a count charging him with second degree, a class C felony, and defendant's counsel urged that it was his understanding that the plea would be to third degree, a class D felony. The court unequivocally informed defense counsel that " that was no part of our talk " and that he was " tired of this playing around before the court ". It was quite evident that defense counsel had spent considerable time in off-the-record conversations with the court in plea bargaining. The court told defendant and his counsel that the only plea he would accept was second degree and that if defendant refused to so plead, he should pro-

ceed to trial. Defense counsel sought to adjourn the trial on the ground that he was not prepared, notwithstanding the passage of nearly three months since arraignment. The court refused any delay, but gave defense counsel an hour to confer with his client. After the hour had passed defendant and his counsel informed the court that defendant would plead guilty to the second degree count in full settlement of all counts. The court then examined defendant at length as to the voluntariness of his plea, as to his complete and full understanding of the difference between second and third degree, and informed defendant that punishment would be greater under the class C felony as distinguished from a class D felony. Defendant indicated that he fully understood, that no promises of any kind had been made to him and that he was completely willing to plead guilty to the class C felony. Sentence was set for March 7, 1969 and adjourned to March 14, 1969 at defendant's request. On the fourteenth, for the first time, defendant orally moved to withdraw his guilty plea. His counsel gave as his reason the refusal of the court on February 17 to grant the trial adjournment. The court denied the motion and sentenced defendant to an indeterminate term of 5 years to 15 years.

Defendant urges on this appeal that the court abused its discretion in denying his motion to withdraw his plea and that the court erred in not more fully inquiring into the underlying facts before accepting the plea, as required by *People* v. *Serrano* (15 N Y 2d 304; 20 N Y 2d 931). The indictment was read to defendant at least three times. At no time did defendant ever suggest that he had not committed the crime, or that he was innocent of any of the charges. Defendant was quite familiar with criminal court and its procedures. The post-plea presentence report showed that defendant had been arrested ten times and convicted nine times in a nine-year period for various crimes such as burglary, possession of burglary tools and six convictions dealing with narcotics. He affirmatively stated to the probation officer making the report that he had been an addict for many years '' and engaged in the sale of narcotics ''. Regarding the October 17, 1968 sale he admitted that he had sold two packs of heroin to the State Police officer who arrested him for the crimes herein charged. With this history it is clear that *People* v. *Nixon* (21 N Y 2d 338) and the companion cases control the situation here presented. The following statement in *Nixon* (p. 354) is most applicable to the situation at bar: '' The competency of counsel and the degree of actual participation by counsel, as well as his opportunity for and the fact of consultation with the pleading defendant, are particularly important. Indeed, if inde-

pendent and good advice in the interest of the defendant is the goal, it is more important that he consult with competent counsel than that a harried, calendar-conscious Judge be the one to perform the function in displacement of the lawyer. Moreover, there are many reasons why a defendant may not wish to be subjected to an inquisition by officials; it may affect him on his prison or parole status; it may be an added pillory for him to experience that he would eschew (see, e.g., *People* v. *Griffin,* 7 N Y 2d 511)."

From the record before us we do not find any abuse of discretion by the trial court and the judgment should be affirmed.

GOLDMAN, P. J., MARSH, WITMER, MOULE and HENRY, JJ., concur.

Judgment unanimously affirmed.